Reese, J.
delivered the opinion of the court.
The bill alledges, that the ancestor of the present complainants, in 1825, mortgaged a tract of land to his son-in-law, the ancestor of the defendants, to secure a debt of about $1200— and, about 1827, was let into possession of the land. About *429 that time a judgment having been obtained against the complainant in the Federal Circuit Court at Nashville,' by the United States for a large amount, the said United States on the Chancery side of said court, filed their bill against said Win-dle and Coffee, to have a foreclosure of said mortgage, and a foreclosure of the same was decreed accordingly, and a sale ordered, and a sale made in 1829, at which Coffee became the purchaser for the sum of $500. But the bill further alledges that notwithstanding such decree, sale, and purchase &c., it was understood between said Windle and Coffee, that the relation of mortgagor and mortgagee should continue between them — and the object of the bill is to decree this a mortgage. Coffee died in 1837, before the filing of this bill. The answer is filed by his representatives, they admit the mortgage, its foreclosure, the sale made, and the purchase by Coffee.
They deny that at such sale, he acted at all on behalf of Windle, but insist, that he purchased for himself, and with the purpose to get a good title for himself. They deny that there was at the time of said purchase, or after, any understanding or agreement between Windle and Coffee, that the relation of mortgagor and mortgagee subsisting between them before said decree of foreclosure should continue. But they insist that Coffee for the balance of his life, a period of 8 or 9 years, continued in the exclusive possession of said land claiming to be, and exercising the rights of owner. It is obvious from this statement of the allegations of bill and answer,' that the only issue made between the parties, relates to the question of fact, whether at, or after the purchase by Coffee, it was agreed and understood between him and Windle, that the relation of mortgagor and mortgagee, and the rights incident to such relation should continue to exist.
It is not deemed necessary, that we should here state the evidence in the record intended to bear upon this question on either side. We will content ourselves with stating that there is no adequate or satisfactory proof to establish such agreement or understanding. 3
From this general statement, it would of course result, that we should dismiss the bill.
*430 But the complainants insist here, that the record of the chancery proceedings in the Federal Court for foreclosure and sale of the mortgaged premises, filed as testimony by the one party, or the other in the court below in this case, does not show a valid sale of the equity of redemption, and an effective investment of title in the defendants’ ancestor.
The order of sale and its return to court and confirmation are not shown. There are two answers to this objection:
First, not only is there no issue made up between the parties, as to the legal validity of the decree of foreclosure, the sale and purchase, but the existence and validity of these proceedings are upon both sides assumed, or taken for granted.
If their validity had been questioned in the pleadings, or in the proceedings below, the record might perhaps have been made perfect. But, at all events in the actual state of the issue, we do not think the complainants should or can be permitted to place themselves upon that ground.
But, secondly, these proceedings are not void. The United States had a judgment at law, for the sum nearly of $6000, of which they sought satisfaction, by subjecting Windle’s Equity of redemption to sale. The defendants Windle and Coffee in, their answers both asserted the existence, and bona fides of the mortgaged debt. There was therefore no need of an account between them, none was prayed for by them; a decree was pronounced to foreclose the mortgage. This was a final decree, and terminated the relation of mortgagor and mortgagee, but the decree proceeds further to order that said land be exposed to public sale, to the highest bidder for cash, at the Court house, in the town of Monroe, in the county of Overton, on the first Monday in September next, and decree proceeds to direct how the amount of the sale shall be applied; here is a very remarkable decree, it fixes the terms, the place and the day of sale, it is more precise than an order of sale would be — a copy of the decree itself would be an order of sale. The marshal it appears made the sale, upon an order of sale and copy of the decree; so he recites in his deed to Coffee. No formal confirmation of the sale took place — all parties acquiesed; and we hold under such circumstances, that this sale is not invalid, but *431 effective. Windle cannot complain, his mortgage was foreclosed, his equity of redemption sold. Nothing remains in him to be asserted in a court of equity, if the other side failed to obtain a regular title.
Let the decree of the Chancellor be affirmed.